```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BILLY B. FISHER,                                            :
                                                            :
                                    Plaintiff,              :
                                                            :         16-CV-6030 (VSB)
              - against -                                   :
                                                            :         **OPINION & ORDER**
                                                            :
NEW YORK CHASE MANHATTAN BANK,                              :
                                                            :
                                    Defendant.              :
                                                            :
------------------------------------------------------------X
```

Appearances:

Billy B. Fisher
Franklin Lakes, New Jersey
*Pro Se Plaintiff*

Andrew Kazin
Stagg, Terenzi, Confusione & Wabnik, L.L.P.
Garden City, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Pro se Plaintiff Billy Fisher brings this action against Defendant JPMorgan Chase Bank, N.A.,[1] alleging that Chase failed to exercise due diligence in issuing a $10 million loan to Plaintiff's business partner. Before me is Defendant's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 33.) Because Plaintiff's claim is barred by the statute of limitations and he fails to plausibly allege any duty Chase owed to him, Defendant's motion to dismiss is GRANTED.

---

[1] Defendant was improperly named as New York Chase Manhattan Bank, rather than JPMorgan Chase Bank, N.A., in the amended complaint. I will refer to Defendant as Chase in this Opinion & Order.

## I.  Background[2]

In 1981, Plaintiff entered into an agreement (the "1981 Agreement") with David and Alfred Sanzari (the "Sanzaris") to establish a car wash business. (Am. Compl. 5–6.)[3] Alfred Sanzari owned a property on which the car wash business operated. (*Id.*) Pursuant to the 1981 Agreement, Alfred Sanzari agreed to transfer the property to David Sanzari and Plaintiff.[4] (*Id.* at 6.) Plaintiff repeatedly asked Alfred Sanzari to transfer the property as soon as the 1981 Agreement was prepared and signed. (*Id.*) The property was never transferred. (*Id.* at 5.)

In July 2015, Plaintiff learned that David Sanzari took out a $10 million loan from Chase in August of 1990 (the "Loan"). (*Id.*) Unbeknownst to Plaintiff, the property was used as collateral to secure the Loan, including various improvements that were made to the property. (*Id.*) The Sanzaris concealed the existence of the Loan and any associated documentation from Plaintiff. (*Id.* at 5–6.)

## II.  Procedural History

On May 9, 2016, Plaintiff brought suit against the Sanzaris and Chase (the "Prior Action"). (*Fisher v. Sanzari*, No. 16-cv-3442, Doc. 1.) On July 20, 2016, I dismissed the Prior Action for lack of subject matter jurisdiction because Plaintiff and the Sanzaris were all New Jersey residents and thus the parties lacked complete diversity. The case was terminated.

Plaintiff re-filed his suit on July 28, 2016, commencing the instant action. (Doc. 1.) In

---

[2] The following factual summary is drawn from the allegations of the amended complaint and documents attached to the amended complaint, which I assume to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[3] "Am. Compl." refers to Plaintiff's amended complaint filed on March 6, 2017 and the documents attached to it ("Amended Complaint"). (Doc. 32.) The Amended Complaint does not contain sequential paragraph or page numbers, so in citing to the Amended Complaint I refer to the page numbers given to the document by the Court's electronic case filing system ("ECF").

[4] The 1981 Agreement is attached to Plaintiff's complaint, (Doc. 1, at 20–22), but is not attached to the Amended Complaint.

the current action, Plaintiff names only Chase as Defendant, and no longer names the Sanzaris in the action. Accordingly, lack of complete diversity between Plaintiff and Defendant is no longer at issue.

On October 5, 2016, the parties appeared for a pre-motion conference regarding Defendant's anticipated motion to dismiss the complaint. (*See* Doc. 8.) At the conference, I directed the parties to enter a briefing schedule on the motion to dismiss and allowed Plaintiff until November 7, 2016 to retain counsel. (*Id.*) The parties agreed upon a briefing schedule, under which Defendant would file his moving papers on or before December 2, 2016.

On November 21, 2016, Plaintiff raised a discovery dispute, arguing that Defendant should be directed to disclose its loan file. (Doc. 11.) Defendant responded that Plaintiff was not entitled to unilaterally engage in discovery, nor was there an order in place permitting Plaintiff to seek discovery pending the Court's decision on Defendant's motion to dismiss. (Doc. 12.) After reviewing the parties' submissions, I directed Defendant to file a letter either seeking to move for a protective order pursuant to Federal Rule of Civil Procedure 26(c) or informing the Court of the status of disclosure of the loan file. (Doc. 13.) On December 2, 2016, Defendant filed its motion to dismiss the complaint. (Doc. 15.)

After receiving additional submissions regarding the discovery dispute, (Docs. 14, 19, 20), I directed the parties to appear for a telephone conference, (Doc. 21), which was held on January 18, 2017. After the conference, I issued an order instructing Defendant to respond to Plaintiff's discovery request, holding any further discovery in abeyance prior to the resolution of the motion to dismiss. (Doc. 26.) I also granted Plaintiff leave to amend his complaint in light of Defendant's motion to dismiss. (*Id.*)

On March 6, 2017, Plaintiff filed his Amended Complaint. On March 15, 2017, I denied Defendant's motion to dismiss the complaint as moot with leave to re-file. (Doc. 31.) On April 5, 2017, Defendant filed its motion to dismiss the Amended Complaint, (Doc. 33), and accompanying memorandum of law, (Doc. 35). On May 10, 2017, Plaintiff filed a letter as his opposition, (Doc. 36), and an accompanying document titled "Answer to Mr. Kazin's Preliminary and Factual Statement," (Doc. 37). On May 26, 2017, Defendant filed its reply in further support of its motion to dismiss. (Doc. 38.)

### III. **Legal Standard**

#### A. *Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

### B. *Pro Se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

### IV. Discussion

Plaintiff alleges that Chase "failed to perform [its] due diligence" before issuing the Loan to David Sanzari, and argues that this failure is more readily apparent in light of the size of the Loan and the nature of the circumstances surrounding it. (Am. Compl. 5–6.) Although the Amended Complaint does not explicitly articulate an underlying cause of action, Plaintiff's

5

allegations that Chase failed to take appropriate steps to ensure that the Loan was appropriate effectively asserts a negligence claim. Chase seeks dismissal because: (1) Plaintiff's claim is time-barred and (2) the Amended Complaint fails to state a claim for negligence because Defendant did not owe Plaintiff any duty of care. (*See* Def.'s Mem. 2.)[5] I address each argument in turn.

### A. *Statute of Limitations*

#### 1. Choice of Law

A defendant may raise a limitations argument in a pre-answer Rule 12(b)(6) motion to dismiss "if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). Additionally, regardless of the cause of action, "[w]here jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998). Generally, New York courts apply New York's statute of limitations "even when the injury giving rise to the action occurred outside New York." *Id.* "This general rule, however, is subject to a traditional statutory exception, New York's 'borrowing' statute, C.P.L.R. § 202." *Id.* Under C.P.L.R. § 202, "when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015) (quoting *Stuart*, 158 F.3d at 627). New York identifies accrual "at the time and in the place of the injury," which, when addressing a "purely economic" injury, is "where the plaintiff resides and sustains the economic impact of the loss." *Id.* at 498 (quoting *Glob. Fin. Corp. v.*

---
[5] "Def.'s Mem." refers to the Memorandum of Law in Support of Defendant's Motion to Dismiss. (Doc. 34.)

*Triarc Corp.*, 693 N.Y.S.2d 479, 481–82 (1999)). "Hence, an action by a nonresident on a foreign cause of action is untimely if it is barred under the law of either New York or the state where the injury occurred." *Stuart*, 158 F.3d at 627.

### 2. Application

In New York, the statute of limitations period for a negligence claim is three years. N.Y. C.P.L.R. § 214; *see also Ruso v. Morrison*, 695 F. Supp. 2d 33, 45 (S.D.N.Y. 2010) ("The statute of limitations requires that a claim for negligence under New York law must be brought within three years."). Because Plaintiff's injury occurred upon the issuance of the Loan, his claim accrued on or before August 1990, when the Loan was issued. Therefore, the claim was untimely as of August 1993. The complaint in this action was not filed until July 28, 2016.

In his opposition, Plaintiff attempts to rely on the discovery rule doctrine to save his claim. (Pl.'s Opp. 3.)[6] The discovery rule, as set forth in C.P.L.R. § 203(g), "postpones the accrual of a cause of action from the time when the tort is complete to the time when the plaintiff has discovered sufficient facts to make him aware that he has a cause of action." *Ruso*, 695 F. Supp. 2d at 45 (internal quotation marks omitted). However, this exception to the general rule applies in very limited circumstances, typically those involving allegations of fraud, and none of which are applicable here. *See id.*

Accordingly, Plaintiff's negligence claim, which accrued in 1990, is barred by the statute of limitations and must be dismissed.

### B. *Elements for a Negligence Claim*

Even if Plaintiff's negligence claim was not time barred, Plaintiff's allegations do not

---

[6] "Pl.'s Opp." refers Plaintiff's opposition to Defendant's motion to dismiss, styled as "Answer to Mr. Kazin's Preliminary and Factual Statement." (Doc. 37.) Plaintiff's opposition does not contain sequential paragraph or page numbers, so in citing to Plaintiff's opposition, I refer to the page numbers given to the document by ECF.

state a claim for negligence. "To prevail on a negligence claim, a plaintiff must establish '(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Ritchie Capital Mgmt., L.L.C. v. Gen. Elec. Capital Corp.*, 121 F. Supp. 3d 321, 332 (S.D.N.Y. 2015) (quoting *Solomon ex rel. Solomon v. City of New York*, 499 N.Y.S.2d 392, 392 (1985)), *aff'd*, 821 F.3d 349 (2d Cir. 2016). "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party." *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 177 (2d Cir. 2013) (quoting *Espinal v. Melville Snow Contractors, Inc.*, 746 N.Y.S.2d 120, 122 (2002)). "Generally, banks owe no duty of care to their non-customers." *Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 281 (E.D.N.Y. 2010); *see also MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 431 F. App'x 17, 20 (2d Cir. 2011) (finding that banks typically do not owe non-customers any duty to protect from fraud perpetrated by customers); *Empire City Capital Corp. v. Citibank, N.A.*, No. 10-CV-2601 (KMK), 2011 WL 4484453, at *9 (S.D.N.Y. Sept. 28, 2011) (dismissing a negligence claim because the bank owed no duty of care to a non-customer third party).

Here, the Amended Complaint does not contain any allegations of direct dealings between Plaintiff and Chase. Plaintiff was never a Chase customer, nor did Plaintiff have any other relationship with Chase relating to the Loan. Plaintiff does not allege any facts to suggest that he, a non-customer of Chase, had any relationship or privity with the bank that would give rise to a duty of care. Indeed, Plaintiff concedes that he did not discover the existence of the Loan until 2015, he was not a party to the Loan, and the Sanzaris concealed the Loan from him. (Am. Compl. 5.) Thus, Chase owed no duty of care to Plaintiff, and Plaintiff fails to state a negligence claim against the bank. *See Aegis Ins. Servs.*, 737 F.3d at 177.

Accordingly, Plaintiff's negligence claim, in addition to being time-barred, must also be dismissed on the merits.

### C. *Dismissal with Prejudice*

Complaints brought by pro se litigants are typically dismissed without prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (leave to amend should be given unless there is no indication that the pro se plaintiff will be able to assert a valid claim); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (per curiam) (pro se complaints generally "not dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (citation omitted)). However, Plaintiff's claims fail here on statute of limitations grounds, rendering any amendment consistent with the allegations in the Amended Complaint futile. Moreover, I permitted Plaintiff to file the Amended Complaint in light of Defendant's prior motion to dismiss. Accordingly, Plaintiff's claims are dismissed with prejudice.

### V. Conclusion

For the reasons stated herein, Defendant's motion to dismiss, (Doc. 33), is GRANTED, and the Amended Complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment for Defendant and close this case. The Clerk of Court is instructed to mail a copy of this Opinion and Order and the judgment to the pro se Plaintiff.

SO ORDERED.

Dated: March 8, 2018
      New York, New York

Vernon S. Broderick
United States District Judge